```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | | |
|---|---|---|---|
| JOSEPH L. FREEMAN, JR., | : | CIVIL ACTION | |
| | : | NO. 19-cv-05699 | |
| Plaintiff, | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| EARLY WARNING SERVICES, LLC, | : | | |
| | : | | |
| Defendant. | : | | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                March 9, 2020

Before the Court is the motion to dismiss filed by Defendant Early Warning Services. The Court will grant the motion as it concludes it lacks subject matter jurisdiction and the complaint fails to adequately state a claim upon which relief can be granted.

**I.   FACTS AND PROCEDURAL HISTORY**

Plaintiff asserts that Defendant violated the Fair Credit Reporting Act("FCRA"), 15 U.S.C. §§ 1681, et seq. and the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"), PL 108-159, December 4, 2003, 117 Stat 1952. Plaintiff requested that Defendant (a consumer reporting agency) send him in the mail his credit report and asked that Defendant redact the first five digits of his social security number. Defendant sent Plaintiff his report but did not redact his social security numbers in violation of 15 U.S.C. § 1681g(a)(1)(A). Plaintiff

alleges that he was injured because he is now afraid to request his credit report through the mail in the future since Defendant, in responding to the request, may again not redact his social security numbers. Plaintiff fears this hypothetical future report may get delivered to the wrong house or someone may sift through his trash and get access to the report. There is no allegation that anyone other than Plaintiff saw the report which spawned this action.

Defendant removed the case from the Montgomery County Court of Common Pleas on December 3, 2019. Defendant has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) claiming the Court lacks subject matter jurisdiction and the complaint fails to state a claim upon which relief can be granted.

**II. LEGAL STANDARD**

When a defendant challenges whether the facts as pleaded in a complaint create Article III standing pursuant to Federal Rule of Civil Procedure 12(b)(1), it is considered a facial challenge. Kamal v. J. Crew Grp., Inc., 918 F.3d 102, 109 (3d Cir. 2019). In regards to a facial standing challenge, general allegations in the complaint of an injury-in-fact are adequate as long as the complaint "'clearly and specifically set[s] forth facts sufficient to satisfy' Article III." Id. (quoting Reilly v. Ceridian Corp., 664 F.3d 38, 41 (3d Cir.

2011)). The court must construe the alleged facts in the light most favorable to the nonmoving party. Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014).

A party may also move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., 492 F.3d 209, 215 (3d Cir. 2007) (internal quotation marks omitted).

To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

In deciding either a facial Rule 12(b)(1) or Rule 12(b)(6) motion, the Court limits its inquiry to the facts

3

alleged in the complaint, documents that are attached to, integral to, or explicitly relied upon in the complaint, and matters of public record. See Aichele, 757 F.3d at 358 ("[A] facial [Rule 12(b)(1)] attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)"); In re Asbestos Prod. Liab. Litig. (No. VI), 822 F.3d 125, 133 n.7 (3d Cir. 2016) (regarding Rule 12(b)(6)); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (regarding Rule 12(b)(6)).[1]

**III. DISCUSSION**

**A.  Rule 12(b)(1)**

Defendant first claims the Court lacks subject matter jurisdiction because Plaintiff lacks Article III standing.

To have standing to bring a suit in federal court, a plaintiff must prove: (1) an injury-in-fact, (2) fairly traceable to the challenged conduct, (3) that is likely to be redressed by a favorable judicial decision. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).

The issue here is whether there is an injury-in-fact. To establish injury-in-fact, "a plaintiff must show that he or she suffered an invasion of a legally protected interest that is

---

[1]   As a result, the Court has not considered the extraneous information attached to Plaintiff's response.

4

concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 1548 (internal quotation marks omitted). "Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [a plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." Id. at 1549; In re Nickelodeon Consumer Privacy Litig., 827 F.3d 262, 274 (3d Cir. 2016) (providing that a plaintiff cannot "treat a 'bare procedural violation ... [that] may result in no harm' as an Article III injury-in-fact" (quoting Spokeo, 136 S. Ct. at 1550)).

However, while "[a] violation of one of the FCRA's procedural requirements may result in no harm," a statutory procedural rights violation "can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." Spokeo, 136 S. Ct. at 1549-50. The Third Circuit has held repeatedly that disclosure of private personal information to others can create a de facto cognizable injury, without more. See In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 629, 638–39 (3d Cir. 2017) ("[W]ith the passage of FCRA, Congress established that the unauthorized dissemination of personal information by a

5

credit reporting agency causes an injury in and of itself."); In re Nickelodeon, 827 F.3d at 274 ("Congress has long provided plaintiffs with the right to seek redress for unauthorized disclosures of information that, in Congress's judgment, ought to remain private."); In re Google Inc. Cookie Placement Consumer Privacy Litig., 806 F.3d 125, 134 (3d Cir. 2015) ("[A] plaintiff need not show actual monetary loss for purposes of injury in fact. Rather, the actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing. Sure enough, the Supreme Court itself has permitted a plaintiff to bring suit for violations of federal privacy law absent any indication of pecuniary harm." (internal citations and quotation marks omitted)).

Plaintiff relies on the same Third Circuit cases cited above to support his argument. However, the facts of these cases are easily distinguishable. In re Nickelodeon, 827 F.3d 262, and In Re Google Cookie, 806 F.3d 125, involved the unauthorized collection of private information, while In re Horizon Healthcare, 846 F.3d 625, involved the unauthorized distribution of private information to third parties. Here, Defendant did disclose Plaintiff's private information. However, that information was disclosed only to Plaintiff, and there was no disclosure to any third party.

The Third Circuit's decision in Kamal, illustrates this difference. The Third Circuit affirmed the dismissal of a FCRA/FACTA complaint based on a store printing part of the plaintiff's credit card number on his receipt. 918 F.3d at 107-09. The court concluded the plaintiff lacked standing because he had no injury-in-fact, since, inter alia, the prohibited information was not disclosed to a third-party. Id. at 114-15.

Specifically, the Third Circuit explained that "[t]o assess whether an intangible harm constitutes an injury in fact, the Supreme Court directed courts to look both at the 'judgment of Congress' and at history." Id. at 110. Like in this case, the Third Circuit concluded that because the plain statutory language prohibited the conduct at issue (there, printing more than the last five digits of a credit card number on a receipt, here, failing to redact the first five number of the social security number upon request), Congress had identified the conduct as a violation. Id. at 113. However, the Kamal court found that the harm alleged did not have a historical analog because traditional privacy intrusion torts involve harm that "transpires when a third party gains unauthorized access to a plaintiff's personal information." Id. at 114.

The Third Circuit further held that the technical violation did not create a material risk of harm sufficient to meet the concreteness requirement. Id. at 117. The court

7

rejected the plaintiff's argument that there was a sufficient material risk identity thieves could obtain discarded or lost credit card receipts to commit fraud and theft, agreeing with the district court that such a risk required a "highly speculative chain of future events." Id. at 116 (internal quotation marks omitted). Therefore, the court concluded that the plaintiff lacked standing. Id. at 117.

The salient issue in this case, therefore, is whether Defendant disclosed Plaintiff's private personal information to third parties without authorization. If so, the Third Circuit has made clear that such a disclosure creates a de facto injury. However, Plaintiff has not alleged that anyone other than himself had access to his unredacted social security number printed on his credit report. Therefore, the violation alleged is technical.

In addition, Plaintiff has not articulated any financial harm flowing from Defendant's failure to redact, and alleges only a fear of this happening again. In this case, this particular incident has caused no harm and Plaintiff does not allege that he fears this particular report could cause harm in the future.

Under these circumstances, the Court concludes that Plaintiff has not suffered an injury-in-fact as there has been no unauthorized disclosure of private information to third

parties. Because Plaintiff's social security number was not disclosed to anyone else, Defendant has committed a mere procedural or technical FCRA/FACTA violation by failing to redact the numbers. Therefore, Plaintiff has not suffered a concrete particularized harm. See id.; Baker v. Microbilt Corp., No. 4:14-CV-1109, 2016 WL 6585287, at *5 (M.D. Pa. Oct. 3, 2016), report and recommendation adopted, 2016 WL 6565941 (M.D. Pa. Nov. 4, 2016) (dismissing an FCRA claim after finding the plaintiff was relying on a mere procedural violation of failure to redact his social security numbers without alleging any particularized or concrete harm).[2]

**B.  Rule 12(b)(6)**

The Court agrees with Defendant that Plaintiff's allegation of willful non-compliance with 15 U.S.C. § 1681g(a)(1)(A) is conclusory and not adequately pleaded under Iqbal and Twombly because the complaint provides no factual basis for the bald assertion. Therefore, independently, the

---

[2] The Court further concludes that the risk of harm alleged by Plaintiff is too speculative and hypothetical to create a material risk of harm sufficient to meet the concreteness requirement. See Kamal, 918 F.3d at 116-17. The report was not disclosed to anyone else and Plaintiff has not alleged any additional concrete non-speculative steps that could likely have led to identity theft. The Court recognizes that in Kamal the defendant only printed part of the credit card number while here, Defendant printed Plaintiff's full social security number. However, the Court does not find this dispositive since, under these circumstances, there is still not a sufficiently material risk of harm.

complaint must be dismissed for failure to statue a claim upon which relief can be granted.

**IV. CONCLUSION**

In light of Plaintiff's lack of standing, the Court lacks subject matter jurisdiction and the case will be dismissed. The complaint is also dismissed because it fails to adequately state a cause of action.

An appropriate order follows.